IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY JOE HENSON,
ADC #77911                                                                          PLAINTIFF

v.                                      5:06CV00303JLH/HLJ

L. MURRAY, et al.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

  3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

  This matter is before the Court on the defendants' motion to dismiss (DE #9). Plaintiff filed a response in opposition to the motion (DE #13). By Order dated February 5, 2007, this Court held that defendants' motion would be construed as one for summary judgment, pursuant to Fed.R.Civ.P. 12 (b)(6), and invited the parties to supplement their briefs accordingly within fifteen days of the date of the Order. Neither party filed a supplemental brief, or any additional evidence in support of their respective positions.

  Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging defendants Murray and Montgomery denied his First and Fourteenth Amendment rights by filing false disciplinary charges against him in retaliation for the exercise of his Constitutional rights. Plaintiff further alleges that defendant Taylor, the disciplinary hearing officer, was biased against

him and arbitrarily entered a guilty verdict against him which was unsupported by the evidence. Plaintiff alleges he was found guilty of the disciplinary violations and was sentenced to punitive isolation, where he encountered reduced access to telephone, commissary, recreational and rehabilitative programs and services, and reduced access to the law library. Plaintiff states defendants caused him mental anguish and distress, and asks for monetary relief from defendants.

## II. Facts

The first incident at issue occurred on March 2, 2006, when defendant Murray allegedly filed a false misbehavior report against plaintiff in retaliation for an earlier exchange which occurred between the two involving some ink pens. Plaintiff states he was found guilty, sentenced to thirty days in punitive isolation, and lost his classification. After he was released from punitive, plaintiff states he requested to be housed in administrative segregation, but was placed in general population. The second incident occurred on April 4, 2006, when plaintiff filed an informal resolution on defendants Murray and Montgomery, alleging they tried to incite an inmate assault on plaintiff by calling plaintiff a "snitch" in front of other inmates. Plaintiff states Montgomery then filed a false disciplinary report against him on April 7, 2006, in retaliation for the filing of the April 4 grievance. Plaintiff was again found guilty of the disciplinary charge, sentenced to fifteen days punitive isolation, and lost good time class. Plaintiff alleges defendant Taylor improperly relied on the charging officer's report in finding him guilty, and was biased against him.

## III. Summary Judgment Motion

A. Defendants' Motion

Defendants state plaintiff's complaint should be dismissed because he is challenging disciplinary convictions which have not yet been invalidated, and that a retaliation claim can not

3

arise from discipline which is validly imposed for an actual rule violation. See Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996) and Orebaugh v. Caspari, 910 F.2d 526 (8th Cir. 1990). Furthermore, defendants state the only inquiry to be made by this Court is whether "some evidence" was relied on to support the disciplinary officer's findings. See Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir. 1993). Defendants state plaintiff does not allege that either of the disciplinary violations was ever invalidated, and although the evidence used to convict plaintiff of the first disciplinary is unclear, plaintiff admits the second disciplinary conviction was based on the charging officer's report, which constitutes "some evidence." Finally, defendants state they are protected from liability by qualified immunity.

B. Plaintiff's Response

Plaintiff restates the allegations of his complaint in response, that defendants have violated his First Amendment rights by retaliating against him for the filing of a grievance against them. Plaintiff also repeats that defendant Taylor was biased against him and states defendants should not be entitled to qualified immunity.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party

4

cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

The Court finds plaintiff's allegations against defendants should be dismissed. First, with respect to the March 2, 2006 disciplinary conviction, plaintiff does not allege he was retaliated against for the exercise of a constitutional right. Rather, he states he argued with defendant Murray on an earlier occasion, and that this disciplinary charge was filed against him in retaliation for the argument. While it is clear that the filing of a false disciplinary charge in retaliation for the filing of a grievance, or exercise of another constitutional right is actionable under § 1983, no constitutional right was involved with this particular disciplinary. In addition, plaintiff does not provide any proof of the disciplinary conviction, which would include the reasons in support.

With respect to the second disciplinary conviction, the Court finds that this case falls within the context of Edwards v. Balisok, 117 S.Ct. 1584 (1997), and Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. 117 S.Ct. at 1587. The Court also held that its decision

5

was not affected by the fact that plaintiff did not seek credit for the loss of good-time. In the earlier case of Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, 83 F.3d 231 (8th Cir. 1996).

In this particular case, plaintiffs' complaint is two-fold: first, that he was innocent of the charge filed against him; and second that defendants violated his due process rights in the disciplinary hearing, which resulted in a loss of good time. Although plaintiff does not seek credit for his good-time loss, he does seek damages, thereby challenging the disciplinary hearing result, as opposed to merely the procedures used. Therefore, a decision concerning the disciplinary result would necessarily imply the invalidity of the disciplinary violation and resultant punishment.

In addition, the Court also finds, as noted by the defendants and admitted by the plaintiff, that defendant Taylor relied on "some evidence" (the charging officer's report) when convicting him of the charges filed against him. Plaintiff's allegation of bias by defendant Taylor is vague and conclusory and is not supported by specifics such as how or why Taylor was biased or what evidence supports such a conclusion, such as a past history of conflict with that defendant. As defendants noted in their motion, due process is satisfied if the disciplinary committee bases its decision on "some evidence" in the record, which can be the charging officer's report. See Goff v. Dailey, supra, 991 F.2d at 1442, and Henderson v. Baird, 29 F. 3d. 464, 469 (8th Cir. 1994). Finally, in Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), the Court held, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules

or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail."

In this particular case, the discipline in the second incident was imposed for an actual violation of prison rules (failure to obey verbal/written staff orders and creating unnecessary noise), which was supported by the report of the charging officer (some evidence). Furthermore, plaintiff's allegation that defendant Taylor failed to follow ADC rules or regulations should be dismissed, because a state's failure to follow its own procedural rules or regulations does not create a federal due process violation. See Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).

Finally, with respect to plaintiff's allegations concerning his conditions of confinement while incarcerated in punitive isolation, and the restrictions to which he was subjected, the Court finds such should also be dismissed. In Sandin v. Connor, 115 S.Ct. 2293 (1995), the Court held inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 115 S.Ct. at 2293. Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" Furthermore, in Wycoff v. Nichols, 94 F.3d 1187 (8th Cir. 1996), the Court held the plaintiff did not possess a liberty interest in avoiding administrative segregation unless the conditions of confinement presented the type of atypical, significant deprivation in which a state might conceivable create a liberty interest. Although plaintiff alleges certain restrictions, he does

not allege he was totally deprived of any of the privileges to which he refers, and does not allege any injury as a result, other than mental anguish and distress. Therefore, the Court finds that plaintiff's fifteen day stay in punitive isolation was not atypical or significant, and thus, not a due process violation. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss, which this Court construed as a motion for summary judgment (DE #9), is hereby GRANTED.

IT IS SO ORDERED this 26th day of March, 2007.

_____
United States Magistrate Judge